UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERRELL L., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C25-5067-SKV <br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of his applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in September 1973, has a high school education, and has worked as a gas station attendant, light truck driver, baker helper, and kitchen helper. AR 26. Plaintiff was last gainfully employed in December 2023. AR 14.

On January 27, 2020, Plaintiff applied for benefits, alleging disability as of January 1, 2020. AR 12. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

requested a hearing. AR 12. After the ALJ conducted a hearing on May 22, 2024, the ALJ issued a decision finding Plaintiff not disabled. AR 12, 27.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff engaged in substantial gainful activity ("SGA") during the following periods: January 2022 to June 2022, October 2022 to March 2023, and July 2023 to December 2023, but as Plaintiff had continuous 12-month periods where he did not engage in SGA, the decision addressed those periods.

**Step two**: Plaintiff has the following severe impairments: lumbar and cervical degenerative disc disease, degenerative joint disease of the right upper and lower extremities, rotator cuff syndrome, and anxiety disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**: Plaintiff can perform light work except he can stand and walk for a combined total of four hours, occasionally climb ramps and stairs, and never climb ladders ropes or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl, reach overhead, and can frequently reach in all other directions. He can have occasional exposure to extreme temperatures, vibration, pulmonary irritants, and hazards. He can understand, remember, and carry out simple instructions, and can use judgement to make simple work-related decisions. He can deal with occasional changes in a routine work setting. He can occasionally interact with supervisors, coworkers, and the public.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 14-27.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1. Plaintiff appealed the final decision of the Commissioner

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

to this Court. Dkt. 4. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 2.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

/ / /

/ / /

/ / /

# DISCUSSION

Plaintiff argues the ALJ erred by misevaluating the medical opinion evidence. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

## A.     The ALJ Did Not Err in Weighing the Medical Opinions

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

### 1.     Derek Leinenbach, M.D.

Plaintiff argues the ALJ misevaluated the opinion of Dr. Leinenbach by failing to incorporate the opined limitation to only occasional reaching with the right upper extremity. Dkt. 9 at 5. Plaintiff's argument is unavailing.

Dr. Leinenbach examined Plaintiff in January 2021 and opined as to several limitations. AR 772-75. At issue here is the opined limitation to only occasional right-sided reaching due to right shoulder degenerative joint disease. AR 774-75. The ALJ considered Dr. Leinenbach's opinion and found it only somewhat persuasive as contradicted by objective medical evidence. AR 25. The RFC limits Plaintiff's reaching to only occasional overhead reaching, but frequently in all other directions. AR 17.

The Court reviews the ALJ's decision as a whole and must affirm if the ALJ's path may be reasonably discerned, even if explained with less-than-ideal clarity. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). In formulating the RFC, the ALJ indicated that he adopted the "exertional, postural, and environmental limitations consistent with

the respective assessments from Drs. Leong and Alto." AR 24.  The ALJ is "responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) (citation omitted).  While Drs. Leong, Alto, and Leinenbach all opined as to reaching limitations, Drs. Leong and Alto limited Plaintiff to only occasional overhead reaching bi-laterally.  AR 129, 148.  Plaintiff does not argue the ALJ erred in finding medical evidence contradicted Dr. Leinenbach's findings, and it was reasonable of the ALJ to adopt the limitations of persuasive medical opinions.  Accordingly, the ALJ did not err in discounting the opinion of Dr. Leinenbach.

        2.      *John D. Gilbert, PhD and Howard G Atkins, Ph.D.*

Plaintiff further avers that the ALJ erred in only including a limitation to occasional interaction rather than on an occasional/superficial basis, and that the omission of "superficial" goes beyond the parameters of the ALJ's purview in interpreting medical evidence.  Dt. 9 at 5-6.  The Commissioner argues that this case is substantially similar to *Shaibi v. Berryhill*, 883 F.3d 1102 (9th Cir. 2018), and that the ALJ's reasoning should be upheld.  Dkt. 13 at 4-5.

The Court agrees with the Commissioner that this case is substantially similar to *Shaibi*.  In *Shaibi*, the Ninth Circuit held that the ALJ's RFC limitation to only "occasional interaction with coworkers" appropriately incorporated the doctor's limitation that the claimant could only "relate to others on a superficial work basis[.]"  883 F.3d at 1107.  The Court reasoned that this was a reasonable interpretation of the doctor's opinion, especially in light of a worksheet the doctor completed which "indicated that [the claimant] was 'not significantly limited' in terms of his ability to work in coordination with or proximity to others; to ask simple questions or request assistance; to accept instructions and respond appropriately to criticism from supervisors; to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; or to

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

maintain socially appropriate behavior and basic standards of cleanliness." *Id.* The Ninth Circuit therefore upheld the ALJ's decision. *Id.* at 1108.

Here, Drs. Gilbert and Atkins both opined that Plaintiff "retain[ed] the capacity to interact with others on an occasional/superficial basis." AR 130, 152. The doctors here also completed a worksheet which indicated Plaintiff was not significantly limited in his ability to work in coordination with or in proximity to others without being distracted by them; to ask simple questions or request assistance; to accept instructions and respond appropriately to criticism from supervisors; or to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness. AR 128-30, 150-51. The ALJ reasonably interpreted the state agency doctors' findings into the RFC by limiting Plaintiff to simple instructions, simple work-related decisions, occasional changes in a routine work setting, and occasional interaction with supervisors, coworkers, and the public. AR 17. While Plaintiff would have preferred a different interpretation of the evidence, the ALJ's interpretation was rational and must be upheld. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld").

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 28th day of October, 2025.

S. KATE VAUGHAN
United States Magistrate Judge